

# In the United States Court of Federal Claims

No. 17-495C
(Filed June 28, 2017)
NOT FOR PUBLICATION

```
* * * * * * * * * * * * * * * * * * * * * * * *
                                              *
JODY D. KIMBRELL,                             *
                                              *
              Plaintiff,                      *
                                              *
    v.                                        *
                                              *
THE UNITED STATES,                            *
                                              *
              Defendant.                      *
                                              *
* * * * * * * * * * * * * * * * * * * * * * * *
```

FILED

JUN 28 2017

U.S. COURT OF
FEDERAL CLAIMS

## ORDER

The government has moved for a stay of briefing regarding the various motions that have been filed by the plaintiff in this case, pending the outcome of its motion to dismiss this matter. This request has been necessitated by the delayed appearance of government counsel in the matter, as well as the fact that plaintiff, representing herself, has filed a large number of motions --- several of which appear to be procedurally inappropriate. The government's motion has prompted the Court to review plaintiff's various motions. As explained below, most of those motions do not require a government response. Accordingly, the government's motion to stay the response deadlines, ECF No. 22, is **GRANTED-IN-PART AND DENIED-IN-PART**.

Plaintiff's first motion, filed on April 7, 2017, requests that this Court set aside the judgment of another court, ostensibly under Rule 60(d)(3) of the Rules of the United States Court of Federal Claims (RCFC). ECF No. 4. Plaintiff misunderstands this rule, no doubt because she is proceeding without counsel. Under RCFC 60, our court may set aside one of its prior judgments, not those of other courts. *Haddad v. United States*, Nos. 15-640C & 15-820C, 2015 WL 7730933, at *2 n.6 (citing *Carney v. United States*, 199 Ct. Cl. 160, 162-64 (1972)). This motion is accordingly **DENIED**. For the same reasons, plaintiff's motions filed on April 24, 2017, May 10, 2017, and May 24, 2017 (ECF Nos. 9, 12, 15) are also

**DENIED**, as RCFC 60 does not empower this Court to provide the relief plaintiff requests.

Plaintiff has also moved to correct the memorandum she filed in support of her April 7, 2017 motion. ECF No. 10. Because the April 7, 2017 motion has been denied, her motion to correct the memorandum is **DENIED** as moot. Similarly, plaintiff has moved to correct her May 24, 2017 motion, ECF No. 19, which for the same reason is **DENIED** as moot.

In her second motion, plaintiff requests that this matter be referred for Alternative Dispute Resolution. ECF. No. 6. Such requests must be made by both sides to a dispute. *See* App. H to RCFC, ¶ 3. In light of the government's motion to dismiss this case, plaintiff's motion is **DENIED** as premature.

Plaintiff has not responded to the government's motion for an extension of the time period in which to respond to plaintiff's complaint, ECF No. 18, which the Court hereby **GRANTS**. Accordingly, plaintiff's motion for default judgment, ECF No. 20, is **DENIED**, as the government's response was filed within the deadline.

The Court notes that the seventh document, plaintiff's first motion to amend the complaint, was filed just seventeen days after the complaint, and therefore plaintiff was entitled to that amendment as a matter of course pursuant to RCFC 15(a)(1)(A). Thus, although it is unnecessary, the Court hereby **GRANTS** that motion for the record.

The defendant has moved to dismiss the original complaint without considering the motions to amend the complaint filed on April 24, 2017, May 10, 2017, and May 24, 2017. In light of the first amendment, allowed by our rules as a matter of course, the Court will allow the defendant to file an amended motion to dismiss this case within 28 days of the date of this order, on or by **Wednesday, July 26, 2017**.

The Court also believes it appropriate for the government to file a response to plaintiff's second and third motions to amend the complaint. The defendant may incorporate those responses into the amended motion to dismiss or may file them separately on or by **Wednesday, July 26, 2017**.

Plaintiff need not file a response to the motion to dismiss the case, but should wait to respond to the defendant's amended motion to dismiss. The response shall be filed within 31 days of the date of service, pursuant to RCFC 7.2(b)(1) and RCFC 6(d).

IT IS SO ORDERED.

_____
VICTOR J. WOLSKI
Judge