# In the United States Court of Federal Claims

No. 17-495C
Filed: May 12, 2021
NOT FOR PUBLICATION

---

**JODY D. KIMBRELL,**

                              *Plaintiff,*

**v.**

**UNITED STATES,**

                              *Defendant.*

---

*Jody D. Kimbrell*, Peoria, IL, *pro se*.

*Meen Geu Oh*, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, Washington, D.C., for the defendant.

## MEMORANDUM OPINION AND ORDER

***HERTLING*, Judge**

The plaintiff, Jody D. Kimbrell, filed this action *pro se*.  Based on a state foreclosure proceeding that resulted in the plaintiff losing title to her property, she alleges that several entities and individuals defrauded her out of her property, and that the United States either participated in the fraud or permitted it to occur.  The plaintiff has moved to amend her complaint, claiming that new facts have emerged.

The defendant, the United States, has moved to dismiss under Rule 12(b)(1) of the Rules of the Court of Federal Claims ("RCFC") for lack of subject-matter jurisdiction or, in the alternative, to dismiss under RCFC 12(b)(6) for failure to state a claim upon which relief can be granted.  The defendant also opposes the plaintiff's motion to amend her complaint.

Because the Court lacks jurisdiction over the plaintiff's complaint, the Court grants the defendant's motion to dismiss.  The Court denies the plaintiff's motion to amend her complaint because her proposed amendment is futile.

## I.      BACKGROUND

### A.      Facts[1]

The plaintiff, a real estate broker, owned property through her firm, Kimbrell Realty. (Pl.'s Compl. ¶¶ 16, 35.)  The plaintiff lost the property in a foreclosure proceeding in Illinois state court. (*Id.* ¶ 16.)  The foreclosure apparently was effectuated through a judicial sale in 2014. (*Id.* ¶ 17.)  The plaintiff refers to the proceeding as a "predatory foreclosure." (*Id.* ¶ 12.)

This suit follows several cases in other courts related to that foreclosure and filed by or involving the plaintiff.  *See, e.g.*, *Kimbrell v. Fed. Hous. Fin. Agency* ("District Court Case"), No. 16-cv-1182, 2016 WL 3746419 (C.D. Ill. July 8, 2016) (dismissing the plaintiff's claims against the Federal Housing Finance Agency ("FHFA") for failure to state a claim), *aff'd*, *Kimbrell v. Fed. Hous. Fin. Agency* ("Seventh Circuit Case"), 682 F. App'x 486 (7th Cir. 2017); *Isaacs v. Royal Bank of Canada*, No. 14-cv-1036, 2014 WL 1379345 (C.D. Ill. Apr. 8, 2014) (dismissing the plaintiff's claims against the Royal Bank of Canada for lack of jurisdiction); *Isaacs v. Royal Bank of Canada*, No. 14-cv-1138, 2014 WL 2729309 (C.D. Ill. June 16, 2014) (dismissing the plaintiff's additional claims against the Royal Bank of Canada for lack of jurisdiction); *Kimbrell v. Fed. Nat. Mortg. Ass'n*, No. 15-cv-1218, (C.D. Ill. March 4, 2016) (attached to Def.'s Renewed Mot. to Dismiss, Addendum at 15-20) (affirming the bankruptcy court's decision to grant Fannie Mae's motion for a stay of relief related to the plaintiff's foreclosed property); *see also Fed. Nat. Mortg. Ass'n v. Kimbrell*, No. 3-14-0662, 2016 WL 5904803 (Ill. App. Oct. 11, 2016) (dismissing the plaintiff's appeal of the state foreclosure proceeding as moot but declining to impose sanctions despite "the trial court's finding that [the plaintiff] has a history of filing frivolous pleadings").

The Seventh Circuit Case, referenced by the plaintiff (Pl.'s Compl. ¶ 10), provides a concise summary of the background facts, quoted here only to provide context:

> Kimbrell mortgaged property that she owned in Peoria, Illinois, through her realty company, borrowing over $2 million.  The mortgage was eventually serviced by Wells Fargo and bought by Fannie Mae, which buys and guarantees residential mortgages, 12 U.S.C. §§ 1716, 1716(b); *DeKalb Cty. v. Fed. Hous. Fin. Agency*, 741 F.3d 795, 797 (7th Cir. 2013).  Kimbrell later transferred a parcel of the property from her company to herself in order to construct a multi-family dwelling.  When Wells Fargo found out, it declared the transfer a violation of the mortgage agreement because it removed collateral securing the loan.  As a result Kimbrell owed Wells Fargo $15,000, but she refused to pay,

---

[1] In considering the defendant's motion to dismiss, the facts as alleged in the plaintiff's complaint are assumed to be true.  This recitation of the facts, therefore, does not constitute findings of fact; rather, the Court provides a recitation of the facts as alleged by the plaintiff.

prompting Wells Fargo to reject her proffered monthly mortgage payments. Fannie Mae then declared the mortgage in default. To reduce its financial risks, Fannie Mae assigned the mortgage and deeded the property to a holding corporation managed by Fannie Mae employees. It later foreclosed upon the property, which was sold at a judicial sale.

At the time of the foreclosure, Fannie Mae was under the conservatorship of the Federal Housing Finance Agency, which gave the Agency control over Fannie Mae. *See* 12 U.S.C. § 4617(a)(2); *DeKalb Cty.*, 741 F.3d at 797–98. The Agency was created by the Housing and Economic Recovery Act of 2008, Pub. L. No. 110–289, 122 Stat. 2654, to regulate and supervise Fannie Mae and other financial entities, *see* 12 U.S.C. §§ 4511, 4513(a)(2)(B). Kimbrell complained to the Agency about Fannie Mae's foreclosure process. She asserted that her payments were current when Fannie Mae declared default and that its employees personally gained from the foreclosure because the assigned deed was in their names. The Agency dismissed her complaint, finding no factual basis for her allegations.

*Seventh Circuit Case*, 682 F. App'x at 487.

As noted in the case parentheticals above, the plaintiff has thus far not prevailed in the various forums in which she has challenged actions related to the foreclosure. Unsuccessful in other courts, the plaintiff alleges here that the United States, acting through the FHFA and the Department of Housing and Urban Development ("HUD"), defrauded her of her property. She also names several private entities and individuals as responsible. (*See generally* Pl.'s Compl.)

## B. Procedural History

On April 7, 2017, the plaintiff filed her complaint. (Pl.'s Compl.) On April 24, 2017, she moved to amend her complaint, seeking to add the Federal Deposit Insurance Corporation ("FDIC") and Republic Bank of Chicago as defendants. (Pl.'s Mot. to Amend Compl.) Her motion to amend was granted in June 2017 because she was entitled to that amendment as a matter of course pursuant to RCFC 15(a)(1)(A).[2] (June 28, 2017 Order.) The defendant moved

---

[2] The defendant cites docket entry 7 as the operative amended complaint. Docket entry 7, however, contains only the plaintiff's motion to amend her complaint; the plaintiff did not attach her proposed amended complaint to her motion at docket entry 7. Before the court granted the plaintiff's motion to file an amended complaint, she had filed two further motions to amend her complaint (docket entries 11 and 14). These motions became moot when the court granted her initial motion to amend her complaint. The plaintiff did not file an amended complaint after the

to dismiss the complaint.  Thereafter, that motion and others went unresolved, and the case remained pending.

At the time the case was reassigned to the undersigned judge in February 2021, the docket contained more than 100 entries, including more than 30 motions that were pending.  For docket-management purposes and to try to set the case on a path toward resolution, the Court denied all pending motions.  (Feb. 12, 2021 Order.)  The Court directed the plaintiff to file a renewed motion to amend her complaint and the defendant to file a renewed motion to dismiss. (*Id.*)

In compliance with the Court's order, the plaintiff has moved to amend her complaint (Pl.'s Renewed Mot. to Amend Compl.), and the defendant has moved to dismiss (Def.'s Renewed Mot. to Dismiss).[3]  Both motions are now fully briefed, and the Court finds that oral argument would not assist in its resolution of the pending motions.

## II.    STANDARD OF REVIEW

The defendant has moved to dismiss the plaintiff's complaint for lack of subject-matter jurisdiction under RCFC 12(b)(1).  The defendant's motion was timely.  *See Cent. Pines Land Co. v. United States*, 697 F.3d 1360, 1364 n.1 (Fed. Cir. 2012) ("An objection to a court's subject matter jurisdiction can be raised by any party or the court at any stage of litigation, including after trial and the entry of judgment.").

To determine jurisdiction, the "court must accept as true all undisputed facts asserted in the plaintiff's complaint and draw all reasonable inferences in favor of the plaintiff."  *Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011).  The plaintiff has the burden of establishing jurisdiction by a preponderance of the evidence.  *Id.*  When a plaintiff's jurisdictional facts are challenged, only those factual allegations that the government does not controvert are accepted as true.  *Shoshone Indian Tribe of Wind River Rsrv. v. United States*, 672 F.3d 1021, 1030 (Fed. Cir. 2012).  The court is not "'restricted to the face of the pleadings'" in resolving disputed jurisdictional facts.  *Id.* (quoting *Cedars-Sinai Med. Ctr. v. Watkins*, 11 F.3d

court granted her motion to amend.  The defendant's citations align with the plaintiff's original complaint, found at docket entry 1.  The Court will consider the plaintiff's original complaint, as amended to include the FDIC and Republic Bank of Chicago as defendants, as the operative complaint because her motion to amend was granted as a matter of right.

[3] In her sur-reply, the plaintiff argues that the defendant's renewed motion to dismiss is untimely.  (Pl.'s Sur-reply at 2-3.)  The defendant's motion was timely.  The defendant filed its motion in response to and by the deadline provided for in the Court's order.  (*See* Feb. 12, 2021 Order.)  Moreover, a litigant's objection to a court's exercise of jurisdiction, such as that raised by the defendant's motion, is never waived or untimely.  *St. Bernard Par. Gov't v. United States*, 916 F.3d 987, 992-93 (Fed. Cir. 2019); *Cent. Pines Land Co.* 697 F.3d at 1364 n.1.

1573, 1584 (Fed. Cir. 1993), *cert. denied*, 512 U.S. 1235 (1994)).  The court may review evidence outside the pleadings.  *Id.*

The plaintiff is proceeding *pro se*, so her pleadings are entitled to a more liberal construction than the Court would give to pleadings prepared by a lawyer.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).  Giving a *pro se* litigant's pleadings a liberal construction does not divest the *pro se* plaintiff of the responsibility of demonstrating that she has satisfied the jurisdictional requirements that limit the types of claims the Court of Federal Claims may consider.  *See Kelley v. Sec'y, U.S. Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987).

If the Court finds that it lacks subject-matter jurisdiction over the plaintiff's claim, RCFC 12(h)(3) requires the Court to dismiss the claim.

## III.   DISCUSSION

The Court first discusses the defendant's motion to dismiss before turning to the plaintiff's motion to amend her complaint.

### A.   Defendant's Motion to Dismiss

The Court of Federal Claims is a court of limited jurisdiction.  This court's jurisdiction is established and defined by the Tucker Act, 28 U.S.C. § 1491, which provides:

> The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491(a)(1). The United States is the only defendant over whom this court may exercise jurisdiction.  *United States v. Sherwood*, 312 U.S. 584, 588 (1941); *see also Brown v. United States*, 105 F.3d 621, 624 (Fed. Cir. 1997).

Although the Tucker Act contains a clear statement by Congress waiving U.S. sovereign immunity, the Tucker Act itself does not "create[ ] a substantive right enforceable against the Government by a claim for money damages."  *United States v. White Mountain Apache Tribe*, 537 U.S. 465, 472 (2003).  Instead, the Tucker Act limits this court's jurisdiction to causes of action based on separate money-mandating statutes and regulations.  *Metz v. United States*, 466 F.3d 991, 995-98 (Fed. Cir. 2006).  To invoke this court's limited jurisdiction, a plaintiff must rely on a statute or regulation that is money-mandating, meaning the source of alleged liability "'can fairly be interpreted as mandating compensation by the Federal Government for the damage sustained.'"  *United States v. Testan*, 424 U.S. 392, 400 (1976) (quoting *Eastport S. S. Corp. v. United States*, 372 F.2d 1002, 1009 (Ct. Cl. 1967)).

The Court's limited jurisdiction under the Tucker Act precludes it from exercising jurisdiction over the plaintiff's claims.  The plaintiff cites at least 10 legal sources, some

mentioned only in passing, in attempting to establish the jurisdictional basis for the enumerated and general counts of her complaint.  None of these legal sources establishes jurisdiction under the Tucker Act.

Before discussing each basis for the plaintiff's claims, the Court notes that the plaintiff cannot sue any party other than the United States in this court.  *See Sherwood*, 312 U.S. at 588 (1941) ("[I]f the relief sought is against others than the United States the suit as to them must be ignored as beyond the jurisdiction of the court.").  The plaintiff mentions as parties several entities and individuals, including the United States, HUD, FHFA, FDIC, the Federal National Mortgage Association ("Fannie Mae"), Fannie Mae employees, Wells Fargo Bank, First American Title Insurance Co., various attorneys at private law firms, and others.  (Pl.'s Compl. ¶¶ 7-10; Pl.'s Mot. to Amend Compl. at 4.)  To the extent that the plaintiff's complaint includes claims against private individuals or private entities, the Court lacks jurisdiction over those claims.  Accordingly, her claims against all defendants other than the United States are **DISMISSED** for want of jurisdiction.

The plaintiff appears to be requesting a review of the claims included in her case before the district court, whose decision the Seventh Circuit affirmed.  *See District Court Case*, 2016 WL 3746419; *Seventh Circuit Case*, 682 F. App'x 486.  The plaintiff alleges the same facts and relies on many of the same legal sources as she had in her case before the district court.  *See* 2016 WL 3746419, at *1.  The Court cannot review those decisions against the plaintiff.  *See* 28 U.S.C. § 1254 ("Cases in the courts of appeals may be reviewed by the Supreme Court . . . [b]y writ of certiorari . . . ."); *Joshua v. United States*, 17 F.3d 378, 380 (Fed. Cir. 1994) ("[T]he Court of Federal Claims does not have jurisdiction to review the decisions of district courts . . . .").  Thus, to the extent that the plaintiff seeks review of the decisions against her by the district court or the Seventh Circuit, this Court does not have jurisdiction.

In Count 1 of her complaint, the plaintiff alleges that the FHFA and Fannie Mae violated multiple state and federal laws, in violation of the FHFA's organic statute.  (Pl.'s Compl. ¶¶ 32-46.)  She cites generally to the Federal Housing Enterprises Financial Safety and Soundness Act of 1992, codified at 12 U.S.C. §§ 4501-4641, and FHFA regulations, 12 C.F.R. pt. 1237.  The 1992 Safety and Soundness Act established the Office of Federal Housing Enterprise Oversight ("OFHEO"), which was tasked with regulating and overseeing the Federal Home Loan and Mortgage Corporation, known as Freddie Mac.  *See Piszel v. United States*, 121 Fed. Cl. 793, 797 (2015), *aff'd*, 833 F.3d 1366 (Fed. Cir. 2016).  Cited by the plaintiff on the first page of her complaint, the Housing and Economic Recovery Act of 2008 ("HERA"), Pub. L. No. 110-289, 122 Stat. 2654, replaced the OFHEO with the FHFA—the focus of the plaintiff's suit.  *See Piszel*, 121 Fed. Cl. at 797.

The plaintiff asserted this same claim in the district court, which dismissed the claim with prejudice.  *District Court Case*, 2016 WL 3746419.  In affirming that district court decision, the Seventh Circuit held that HERA does not create an express or implied private right of action against the FHFA.  *Seventh Circuit Case*, 682 F. App'x at 488; *see also* 12 U.S.C. § 4513(c)(2) (providing for suit against the FHFA's director only by a regulated entity); § 4638 ("This chapter shall not create any private right of action on behalf of any person against a regulated entity, or any director or executive officer of a regulated entity, or impair any existing private right of

6

action under other applicable law."). Because HERA does not provide a private right of action against the FHFA, this Court finds, as did the Seventh Circuit, that HERA cannot support the plaintiff's claim against the FHFA.

In addition to her claims against the defendant based on the actions of the FHFA, the plaintiff has sued the defendant for the acts of HUD, Fannie Mae, and the FDIC. Claims based on the actions of these entities were not presented to the district court. HERA does not, however, provide a private right of action against those entities, or the United States, either.[4] The plaintiff has not pleaded any facts to explain how HERA is a money-mandating statute that establishes jurisdiction in this court. *See Price v. United States*, 123 Fed. Cl. 560, 563 (2015) (noting that "vague references to violations of . . . statutes[ ] and regulations . . . are insufficient" to establish this court's jurisdiction). The plaintiff provides no citation to any provision of HERA that could be construed to mandate payment of money by the United States. Accordingly, the plaintiff has not demonstrated that the Court has jurisdiction over Count 1 of her complaint.

In Counts 2, 3, and 4 of her complaint, the plaintiff alleges fraud, fraud in the concealment, and fraud in the inducement, respectively. (Pl.'s Compl. ¶¶ 47-66.) In support of Count 2, she cites the Federal Tort Claims Act, 28 U.S.C. § 1346(b). To support Count 3, she relies generally on the Fannie Mae Code of Conduct and the 2010 Dodd–Frank Wall Street Reform and Consumer Protection Act, Pub. L. No. 111-203, 124 Stat. 1376 (2010). For Count 4, she cites generally the same sources of law as Count 1, namely, 12 C.F.R. pt. 1237 and 12 U.S.C. § 4502.

Fraud is a tort, and the Court of Federal Claims "lacks jurisdiction over tort actions against the United States." *Brown v. United States*, 105 F.3d 621, 623 (Fed. Cir. 1997) (citing 28 U.S.C. § 1491(a), which specifically excludes from the court's jurisdiction cases "sounding in tort"). Even though the plaintiff cites federal law, none of the plaintiff's cited legal sources provides the Court with jurisdiction over the types of fraud claims she alleges. The plaintiff's fraud claims in Counts 2, 3, and 4 are not subject to the Court's jurisdiction.

The plaintiff labels Count 5 of her complaint as a claim to quiet title and for unjust enrichment. Invoking RCFC 60(d)(3), the plaintiff requests as relief under Count 5 that the Court set aside her state-court foreclosure for fraud on the court. (Pl.'s Compl. ¶¶ 67-75.) The plaintiff has previously moved in this case on four other occasions to set aside judgments of other courts, especially the Illinois state court foreclosure. Those motions were all denied, with a judge of this court noting that, under RCFC 60, this court may set aside one of its own judgments, not a judgment of another court. (*See* June 28, 2017 Order.) Although the plaintiff has since clarified that she does not seek to overturn the state court's foreclosure (Pl.'s Resp.

---

[4] The Seventh Circuit noted that Fannie Mae could be sued directly, but that the plaintiff had already pursued that option and had not prevailed. *Seventh Circuit Case*, 682 F. App'x at 488 (citing 12 U.S.C. § 1723a(a)).

¶ 3), even her proposed amended complaint still requests that the Court set aside the state court's foreclosure decision (Proposed Am. Compl. at 32).

As this court's prior order recognized, RCFC 60 does not give the Court of Federal Claims the authority to set aside judgments of other courts.  *See Haddad v. United States*, No. 15-640C, 2015 WL 7730933, *2 n.6 (Fed. Cl. Nov. 30, 2015).  The plaintiff has failed to provide a jurisdictional basis for Count 5 and cannot demonstrate that the Court has the authority to provide the relief she requests under Count 5.

Outside of her enumerated counts, the plaintiff relies on several other statutes in her complaint as a basis for relief.  Specifically, the plaintiff cites the Administrative Procedure Act ("APA"), 5 U.S.C. § 706; the Illinois Notary Act, 5 Ill. Comp. Stat. 312/7-102; the Racketeer Influenced and Corrupt Organizations ("RICO"), 18 U.S.C. § 1964; the Consumer Credit Protection Act, 15 U.S.C. §§ 1601-93r; the statute establishing the FHFA, 12 U.S.C. § 1821; and various other sources of law interlaced throughout the plaintiff's complaint.[5]

The plaintiff's additional citations also do not establish jurisdiction under the Tucker Act.  The Court of Federal Claims does not have jurisdiction over APA claims.  *See Martinez v. United States*, 333 F.3d 1295, 1313 (Fed. Cir. 2003) ("the Court of Federal Claims lacks APA jurisdiction").  The Court does not have jurisdiction over a claim arising under Illinois law.  *See Souders v. S.C. Pub. Serv. Auth.*, 497 F.3d 1303, 1307 (Fed. Cir. 2007) ("Claims founded on state law are also outside the scope of the limited jurisdiction of the Court of Federal Claims.").  The Court does not have jurisdiction over claims arising under the RICO Act.  *See Joshua*, 17 F.3d at 379 ("The [Court of Federal Claims] has no jurisdiction to adjudicate any claims whatsoever under the federal criminal code [Title 18] . . . .").

The other allegations in the complaint are too vaguely referenced and unaccompanied by sufficient facts to establish jurisdiction over them in the Court of Federal Claims.  *See Hephzibah-El v. United States*, 676 F. App'x 1011, 1012 (Fed. Cir. 2017) (holding that a plaintiff's generic citations to "the Tucker Act and 'the Constitution, or any Act of Congress or any regulation of an executive department' as the basis of her monetary claim . . . are insufficiently specific to confer Court of Federal Claims jurisdiction"); *Price*, 123 Fed. Cl. at 563 (noting that "vague references to violations of . . . statutes[ ] and regulations . . . are insufficient" to establish this court's jurisdiction).

The plaintiff has failed to demonstrate that the Court has jurisdiction over her claims; the complaint cites only sources of law beyond this court's limited jurisdiction and asserts claims against defendants likewise beyond this court's jurisdiction.  The plaintiff's complaint must be

---

[5] The plaintiff likely meant to cite either 12 U.S.C. § 1811, which established the FDIC, or HERA, which replaced the OFHEO with the FHFA.  The citation to 12 U.S.C. § 1821 may be a typographical error.  Section 1821 of Title 12, cited by the plaintiff, is the provision covering insurance funds.

dismissed in its entirety.  Finding that it lacks jurisdiction, the Court does not reach the defendant's claim- and issue-preclusion arguments.[6]

### B.      Plaintiff's Motion to Amend the Complaint

On February 25, 2021, the plaintiff renewed her motion to amend her complaint.  (Pl.'s Renewed Mot. to Amend Compl.)  The defendant opposes that motion.  (Def.'s Mot. to Dismiss at 8-9.)  In her response to the defendant's opposition, the plaintiff argues that the Court already granted her motion to amend her complaint in an order on February 12, 2021.  (Pl.'s Resp. ¶ 56.)  The plaintiff misapprehends the Court's Order of February 12, 2021.  The Court merely permitted her to renew her prior motions to amend her complaint; it did not grant her motion because after the Court had denied all then-pending motions, including her prior motions to amend her complaint, there was no motion the Court could grant.  In other words, the Court allowed her *to ask* to amend her complaint, but the Court had not yet decided to allow the amendment itself.  The Court now considers the plaintiff's renewed motion to amend her complaint.

Without altering her factual allegations underlying her claims, the plaintiff appears to seek two central changes: (1) to add defendants to her action; and (2) to narrow the legal grounds upon which she bases her claims.

First, the plaintiff cannot add defendants to her complaint.  As discussed above, the United States is the only defendant over which this court may exercise jurisdiction.  *Sherwood*, 312 U.S. at 588); *see also Brown*, 105 F.3d at 624.  Although the plaintiff's proposed amended complaint lists only the plaintiff and the United States as parties (Proposed Am. Compl. at 7), it appears in the document's case caption that she is attempting to add defendants, including the Federal Housing Administration; the Consumer Financial Protection Agency; Bank of America, N.A.; and State Bank of Speer (*id.* at 1).  The plaintiff does not dispute that she seeks to add defendants.  (*See* Pl.'s Resp. ¶¶ 57-66.)  The United States, however, is already the defendant.

---

[6] A liberal construction of this *pro se* plaintiff's complaint provides a basis on which the Court could recognize that Count 1 could be construed to allege an illegal exaction, although neither party has briefed such a claim or characterized Count 1 in this manner.  *See Norman v. United States*, 429 F.3d 1081, 1095 (Fed. Cir. 2005) ("An 'illegal exaction,' as that term is generally used, involves money that was 'improperly paid, exacted, or taken from the claimant in contravention of the Constitution, a statute, or a regulation.'" (quoting *Eastport S. S. Corp.*, 372 F.2d at 1007); *see also Gulley v. United States*, 150 Fed. Cl. 405, 418 (2020) (holding that subject-matter jurisdiction over an illegal exaction claim does not require a money-mandating source, but that "a complaint must contain nonfrivolous *factual* allegations that the plaintiff is entitled to recover money for the government's purported illegal action" (emphasis in original)).  Even if Count 1 is construed to make a claim for an illegal exaction, the plaintiff has not pleaded the requisite factual allegations to support such a claim.

Because the United States is the only proper defendant in this court, the plaintiff's efforts to add parties to her case are futile.

Second, the plaintiff's legal grounds, even if narrowed, are beyond this court's jurisdiction. The plaintiff's proposed amended complaint appears to limit the legal bases for her case, citing the APA, the FTCA, and the Illinois Notary Public Act. (Proposed Am. Compl. at 6-7.) As discussed above, these claims are beyond this court's jurisdiction. *See Martinez*, 333 F.3d at 1313 ("the Court of Federal Claims lacks APA jurisdiction"); *Brown*, 105 F.3d at 623 (holding that the Court of Federal Claims "lacks jurisdiction over tort actions against the United States"); *Souders*, 497 F.3d at 1307 ("Claims founded on state law are also outside the scope of the limited jurisdiction of the Court of Federal Claims."). Accordingly, the plaintiff's proposed amendments are similarly beyond this court's purview.

In sum, the plaintiff's proposed amended complaint adds parties and invokes sources of law beyond this court's jurisdiction. *See Kemin Foods, L.C. v. Pigmentos Vegetales Del Centro S.A. de C.V.*, 464 F.3d 1339, 1354-55 (Fed. Cir. 2006) ("When a party faces the possibility of being denied leave to amend on the ground of futility, that party must . . . proffer sufficient facts supporting the amended pleading that the claim could survive a dispositive pretrial motion."). The same jurisdictional defects in the plaintiff's original complaint are present in her proposed amended complaint. The plaintiff's renewed motion to amend her complaint must be denied as futile.

## IV.    CONCLUSION

The Court recognizes that the plaintiff's claims have long been pending in this court. Despite the plaintiff's patience, the Court is unable to afford her the relief that she seeks. This Court is limited in the types of cases it may decide, and the plaintiff's case falls outside the limited scope of cases over which the Court has jurisdiction under the Tucker Act. The issues raised by her complaint are not ones the Court may reach on the merits. The Court does not have the power to address any of the claims she has raised, even if the plaintiff were to amend her complaint.

The plaintiff has failed to satisfy her burden of demonstrating that the Court has subject-matter jurisdiction over her complaint. Accordingly, the Court **GRANTS** the defendant's motion to dismiss.

The Court **DENIES** the plaintiff's motion to amend her complaint.

The plaintiff's complaint is **DISMISSED**. The Clerk is directed to enter judgment accordingly. No costs are awarded.

It is so **ORDERED**.

s/ Richard A. Hertling
**Richard A. Hertling**
**Judge**

10